## FERNANDO JONES

v.

## JOHN J. SMITH ET AL.

*Contract—Labor and Materials Furnished—Recovery for—Evidence.*

1. On conflicting evidence the finding of the court has the conclusiveness of the verdict of a jury.
2. In an action brought to recover the alleged value of labor and materials supplied in the repair of a certain steam heating apparatus, this court declines, in view of the evidence, to interfere with the verdict for the plaintiffs.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. GEORGE R. GRANT, for appellant.

Mr. MASON B. LOOMIS, for appellees.

GARY, P. J.  This is an action by the appellees, doing business under the name of Baker, Smith & Co., to recover the value of labor and materials, by them supplied in repairs on the steam heating apparatus of the dwelling house of the appellant, at his request.  The case was tried by the court without a jury, and it appears that as to the labor, the servant of

the appellees having the conduct of the work, identified and swore to the correctness of some tickets for the time, which he had made and sent by the butler of the appellant, upstairs at the house each day while working there, and which were returned to him with what purported to be the signature of some member of the family. These signatures did not make the tickets admissible against the appellant, but the testimony of the witness who made them did. Haden v. Hoxie, 27 Ill. App. 533. It is fairly to be presumed without any expressed statement by the witness to that effect, that no memory could recall the exact number of hours of labor by different men, in regular time and over time, represented by twenty tickets. As to the materials, whether any incompetent evidence was introduced, is a question that does not arise upon the abstract; that only refers to, but does not abstract, the documentary evidence contained in the bill of exceptions. Chi. & G. T. Ry. v. Crolie, 33 Ill. App. 17. But if the abstract were full it would appear that an original bill, sent by the appellees to the appellant, and alleged declarations of the appellant in regard to the claim, were put in evidence. How the bill got back to the appellees does not appear; but having been in possession of the appellant, and the subject-matter of it having, as testified, been the subject of conversation between him and their collector, the bill was admissible.

On the conflicting evidence the finding of the court has the conclusiveness of the verdict of a jury. There is no error and the judgment is affirmed. *Judgment affirmed.*