## GEORGE P. BRAUN
### v.
## J. I. WINANS.

*Contracts—Recovery on—Unsatisfactory Performance—Evidence.*

1.    The finding upon conflicting evidence of the court trying the case
without a jury, is conclusive.
2.    This court affirms a judgment for the plaintiff in an action brought
to recover for labor and material furnished under a written contract.

[Opinion filed  October 23, 1890.]

IN ERROR to the Superior Court of Cook County; the Hon.
ELLIOTT ANTHONY, Judge, presiding.

Mr. EDMUND FURTHMANN, for plaintiff in error.

Mr. E. F. MASTERSON, for defendant in error.

GARY, J.   In October, 1886, an agreement in writing was made between Winans, as party of the first part, and Braun, as party of the second part, which contained among others, these provisions:

" First.   That the said party of the first part shall and will within thirty days after date, well and sufficiently do all the concrete work needed in making a four-inch floor of Portland cement, sand and gravel in building on Wells street and Chicago avenue, two inches concrete under sleepers and two inches between, all made solid, agreeable to drawings and specifications furnished by L. G. Hallberg, architect, in best workmanlike manner to the satisfaction and under the direction of said architect; shall and will find and provide all needed materials of such qualities and descriptions as shall be fit for completing all the concrete work as specified.

" Second.   And the said party of the second part in consideration of the full and entire performance of the work as agreed, does hereby and for himself and assigns promise and agree well and truly to pay or cause to be paid unto the said party of the first part the sum of $500 when the work is all complete and accepted as satisfactory, and of this amount payments may be made on the architect's certificates as the work progresses, but not to exceed eighty-five per cent of the value of the work done.   That the architect shall at his discretion reject any work or materials which he may deem unfit, which shall be removed or altered at the expense of the said party of the first part.   And that in order to prevent all disputes between the contracting parties regarding any question involved in this contract, drawings and specifications, the architect above named shall be the sole arbitrator, and his decision shall be final and binding on all the parties hereto."

There were, in fact, no drawings or specifications.   When the work was finished, as Winans claimed, Hallberg gave him a certificate for $300 on which Winans got the money from Braun.   There is a conflict in the evidence as to the quality of the work, and also whether Hallberg objected to it, or by his silence at the time he gave the certificate, accepted the

work as satisfactory. The finding of the court below, trying the case without a jury, is final upon that.

The contract does not make a certificate by the architect a condition precedent to the final payment, but no partial payment during the progress of the work could have been claimed without such certificate. The whole controversy was as to the quality, not the quantity of the concrete.

The spaces between the sleepers were not filled even with the top of them, and the appellee, over the objection and exception of the appellant, was permitted to ask an expert "What do mechanics in your line of business do where a wood floor is to be put on top?" to which he answered, "They put it from three-fourths of an inch to an inch below the 2 x 4's." Whether that testimony would have been competent if the question had been whether there was enough concrete or not, need not be considered. As the case stood, it was merely surplusage.

There is no error, and the judgment is affirmed.

*Judgment affirmed.*