# A. P. SAWYER
## v.
# G. K. HAZLITT ET AL.

*Contracts—Balance Due—Recovery of—Set-off—Propositions of Law—Practice.*

1.  The finding of the court upon a question of fact, the trial being had without a jury, is conclusive unless some error of law was committed.

2.  In an action to recover a balance due for composition work done upon a book, the defendant seeking to recoup damages for errors in setting up and proof reading, this court declines to interfere with a judgment for the plaintiff.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. E. A. ABORN and H. T. HELM, for appellant.

Messrs. H. C. BENNETT and W. A. PHELPS, for appellees.

*Per Curiam.*    This action was brought to recover a balance due for certain composition work done on a book for appellant. The appellant sought to recoup damages for errors in setting up and proof reading, which were discovered after the electrotyping had been done, and numerous copies of the book printed.    The case was tried before the court without a jury, and a portion of the damages which appellant claimed was allowed by the court, and deducted from the amount due under the contract.

The evidence tended to show that appellant contracted with appellees that they should do the type setting for a certain price, and that for a certain increase of price per em they agreed to do the proof reading.    Appellees introduced evidence to show that appellant read the proofs himself; that all the galley proof was submitted to him, and he returned

them with his O K on them.   Appellant testified that he only read the proof of certain formulas contained in the book.

There being a conflict of evidence upon the question of who, in fact, read the proofs, the finding of the court is conclusive unless some error of law was committed.

Several propositions of law were submitted to the court to be held, and his refusal to hold some of them is assigned for error.

In the first proposition refused the rule of damages was too broadly stated.   Appellant was entitled to recoup or set off only such damage as was the necessary and probable result of the failure to read the proof correctly.   The proposition states that he could set off " any damage sustained."   It was not error to refuse such proposition.

The fourth proposition was rightly refused, because it contained no hypothesis negativing appellees' claim, which there was evidence to support, that appellant himself read and O K'd the proofs.

The third proposition is subject to the same objection. Emery v. Ginnan, 24 Ill. App. 65.

Other propositions refused were mere finding of fact instead of propositions of law, therefore properly refused.

The judgment must be affirmed, no error appearing which requires its reversal.

*Judgment affirmed.*