## WILLIAM PATTERSON
### v.
## ANDREW J. SCOTT ET AL.

*Practice.*

The finding of a chancellor in a given case on conflicting evidence stands on the same ground as the verdict of a jury upon the evidence of witnesses who appear before them, or as the finding of the judge in a common law case which is submitted to him on the testimony of witnesses in open court to be determined without the intervention of a jury, and the error in a finding as to a disputed question of fact must be clear and palpable in order to authorize a reversal.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. Frank Ives, for appellant.

Mr. Edward H. Morris, for appellees.

*Per Curiam.* Appellant filed a bill to avoid certain notes, and a trust deed made to secure the same, and certain foreclosure proceedings, upon the allegation that the consideration of said notes were gambling debts.

Upon the material question at issue between appellant and appellee, there is, in the record, a direct conflict of evidence. Appellant swears that the chief consideration of the notes was money borrowed of appellee in his gambling house, for the purpose of gambling, and which was then and there gambled away and won by appellee.

Appellee denies that the money was loaned to be gambled away, or that it was, in fact, gambled away, but that it was advanced to pay certain valid bills and debts of appellant.

There is presented for review only the question of fact. The witnesses appeared and testified in open court, and the judge saw them, and had an opportunity of judging of their credibility, which is not afforded to us. Under such circumstances the finding of the chancellor, on conflicting evidence, stands on the same grounds as the verdict of a jury upon the evidence of witnesses who appear before them, or as the finding of the judge in a common law case, which is submitted to him on the testimony of witnesses in open court, to be determined without the intervention of a jury.

The error in the finding as to the disputed question of fact must be clear and palpable in order to authorize a reversal. Coari v. Olson, 91 Ill. 273; Ellis v. Ward, 35 N. E. R. 530.

A careful examination of the evidence leads us to the conclusion that if the weight of evidence does not in fact support the finding of the court, there is by no means such a preponderance in favor of appellant as would warrant our saying that the finding was clearly erroneous.

The decree of the Superior Court must therefore be affirmed.

*Decree affirmed.*