JAMES H. VAN VLISSENGEN ET AL.

v.

LEROY B. COX.

*Verdict—Effect of.*

The verdict of a jury upon conflicting evidence is conclusive as to the facts.

[Opinion filed April 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.

Mr. HUGH L. BURNHAM, for appellant.

Messrs. ASHCRAFT & GORDON, for appellee.

SHEPARD, J. Appellants are duly licensed real estate agents and loan brokers doing business in Chicago. On September 30, 1889, appellee made a written application to them to procure a loan of $6,250 for him on certain real estate security, and in pursuance of such application appellants undertook to procure the loan. It is claimed by appellants that subsequent to the making of the written application it was agreed between themselves and appellee that the amount of the loan to be negotiated should be $6,000 instead of $6,250, and that they within a reasonable time thereafter procured a party who was willing and able to loan on the security offered the said sum of $6,000, but that appellee without good reason refused to accept said sum and to execute the necessary papers therefor, whereby they became entitled to the usual and customary commissions of two and one-half per cent in such cases. The defense of appellee is that no agreement was made to change the amount of the loan to $6,000, and that before appellants had procured any one willing and able to make a loan of any amount on the security, he revoked all authority given by him to appellants. No difficulty would be found in applying the well settled rules of law to the case if there were no contention as to the facts. Here the parties themselves raise no question of law. But there is an absolutely direct conflict in the evidence as to what the true facts are. A careful reading of the evidence demonstrates that it can not be harmonized. The case was tried before a jury in the court below, whose verdict was for the defendant, and the trial judge refused a new trial. Although appellant has as-

signed as error the giving of improper instructions for the defendant and the refusal to give proper instructions for the plaintiff, counsel have not attempted to point out wherein any error is to be found either in the instructions given or in the one refused. This court, therefore, is justified in assuming that no error in respect to the instructions exists. The remaining assignment of error is that the verdict is against the evidence. As already said, the evidence is irreconcilably conflicting, and it may be true that there is a preponderance in favor of the appellants, but not in our opinion to such an extent as to warrant a reversal. "The verdict of a jury upon conflicting evidence settles the facts." Cudahy v. Powell, 35 Ill. App. 29. "This court will not reverse because the verdict may be against the evidence, unless it is apparent that upon another trial before a jury the result would be different, and where there is as much conflict in the evidence as this record discloses in this case it would be mere conjecture to say another jury would find differently." East v. Crow, 70 Ill. 91.

The trial below having been a fair one, with no error of law pointed out upon the record, and the evidence not being so preponderatingly against the verdict as to make it apparent to this court that a different result would be attained upon another trial by jury, the judgment of the court below will not be disturbed.

*Judgment affirmed.*