## John J. Kouhn

### v.

## Charles F. Schroth and Henry Ahrens, Copartners.

*Negotiable Instruments—Note—Set-off—Practice.*

1.   On conflicting evidence the finding of the court has the conclusiveness of the verdict of a jury.

2.   In an action brought to recover upon a promissory note, a plea of set-off being interposed for damages alleged to have been sustained by reason of the defective condition of certain material bought, the note in question having been given for a balance due for said material, the evidence having been conflicting, this court declines to interfere with the judgment for the plaintiffs.

### [Opinion filed June 8, 1892.]

In error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Mr. James A. Fullenwider, for plaintiff in error.

Mr. D. V. Samuels, for defendants in error.

Shepard, J.   To this suit upon a promissory note, made by plaintiff in error, a plea of set-off was interposed for damages sustained by the plaintiff in error by reason of the defective and unseasoned condition of some mill-worked gum-wood lumber furnished by the defendants in error, and used by plaintiff in error in the construction of a dwelling house. The note in question was given for a balance due for said material.

The only evidence of what the contract between the parties was in relation to the quality and condition of the lumber to be furnished, is found in the testimony of the plaintiff in error (defendant below) that he "ordered the material to be made of kiln-dried lumber."

This testimony was not contradicted, but the effect of it was sought to be avoided by showing that the lumber was free from knots and sap, and that the shrinkage that occurred some months after the material was built into the house and after it had been subjected to the effect of winter fires, was occasioned because of the material having been put into the construction before the plaster was dry and fit to receive it. The defendants in error do not appear to have had anything to do with building the material into the house.

As to the condition of the plastering at the time the material was used, several witnesses testified, and their testimony was irreconcilably opposed and conflicting, although preponderating in number of witnesses in favor of the plaintiff in error.

The case was tried by the court without the intervention of a jury, and we will not overturn its findings upon conflicting evidence, even though, as appears upon the record, there was a seeming preponderance of evidence opposed to the findings. Peoria Grape Sugar Co. v. Frazer, 26 Ill. App. 60; Espenhain v. Fekete, 40 Ill. App. 34; Cudahy v. Powell, 35 Id. 29; Snell v. Cottingham, 72 Ill. 166; Van Vlissingen v. Cox, 44 Ill. App. 247.

" On conflicting evidence the finding of the court has the conclusiveness of the verdict of a jury." Jones v. Smith, 37 Ill. App. 169; Braun v. Winans, 37 Ill. App. 248; Sawyer v. Hazlitt, 37 Ill. App. 474; Patterson v. Scott, 37 Ill. App. 520; Coari v. Olsen, 91 Ill. 273.

Neither can we say that the court was not justified, under the evidence, as to what the contract was, in finding that there was no warranty by defendants in error, either in fact or by implication, that the material would not shrink after being worked into the building.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*