## Michael Keating

### v.

## Warren Springer.

*Landlord and Tenant—Practice.*

1. Where a jury has been waived and a cause is tried by the court, its finding has the conclusiveness of the verdict of a jury.

2. In actions based upon the lease of certain real estate, said actions having been finally consolidated and tried as one case, no propositions of law having been submitted, and the alleged errors herein complained of relating entirely to the admission and weight of evidence, this court, no error appearing, declines to interfere with the judgment for the plaintiff.

[Opinion filed June 14, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. HANECY & MERRICK, for appellant.

Mr. ALLAN C. STORY, for appellee.

WATERMAN, P. J.   Appellee, in the year 1884, leased to appellant certain premises, fronting to the east, on South Canal street, in the city of Chicago.   Out of this lease there arose six suits for rent, one of forcible detainer, and one action on the case by appellant against appellee, for alleged tortious acts in violation of the covenants of the lease.   The action of forcible detainer proceeded to judgment against appellant.   The other actions, appellee having been restored to possession, were consolidated and tried as one case by the Circuit Court, a jury having been waived.   Ten days were consumed in the trial; the record contains over 1,100 pages, and the abstract over 150 pages.   No propositions of law were submitted to the court, and the alleged errors here complained of relate entirely to the admission and weight of evidence.   We do not find that appellant was so prejudiced by any ruling of the court upon evidence offered, as to warrant a reversal of the judgment.

Upon what theory the court proceeded in rendering the judgment it did, against appellant, does not clearly appear.

It was insisted in the court below, as it is here, that appellant might have set up in the action of forcible detainer all the alleged breaches of covenants and evictions which are complained of, and must be presumed to have done so, and is, therefore, as to these complaints, estopped by the judgment in the forcible detainer proceeding.   It was also insisted that appellant, having taken a covenant restricting the erection of any building within twenty-five feet of the rear or west of his premises, could not complain of a warehouse upon the south side of his shop, although thereby light from that direction was cut off.

Counsel for appellant have not favored us with a presentation of authorities bearing upon the question of the right of a tenant to have, in the absence of any special covenant, the light which the demised premises receive over adjacent

Keating v. Springer.

property remain unobstructed by acts of his landlord. Nor have counsel supported by authority their contention that the restriction on building within twenty-five feet of the rear, applies to a building at the side, projected from the front beyond the rear. What view the court below took of these subjects we can not tell.

So, too, whether the court below construed the covenant that appellant should have at all times the free use and access of the existing alleys in the rear of the premises, as being anything more than a covenant that they should not be closed, leaving to appellee and appellant a common right of user, is a thing which, in the absence of special findings, we do not know. It must be presumed that as to the facts the court found for appellee; this finding, it is insisted, was against the decided preponderance of the evidence.

The testimony was conflicting; some of the witnesses evidently testified under the impulse of a strong bias; they regarded what they had seen, of which they spoke, from the standpoint of partisans. As to what the real facts were, the court below had an opportunity for arriving at a correct conclusion, which this court does not possess.

Where, a jury having been waived, a cause is tried by the court, its finding has the conclusiveness of the verdict of a jury. Jones v. Smith, 37 Ill. App. 169; Braun v. Winans, 37 Ill. App. 248; Sawyer v. Hazlitt, 37 Ill. App. 474; Patterson v. Scott, 37 Ill. App. 520; Coari v. Olsen, 91 Ill. 273.

The only thing that this record shows with certainty is that by the terms of the lease, apparently, a certain amount of rent accrued.

All else is in dispute, and there is no clear preponderance of evidence in favor of appellant. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*