### Frederick C. Lang v. John P. Hand.

1.  REAL ESTATE BROKER—*When Entitled to His Commissions.*—A real estate agent earns and becomes entitled to his commission when he procures a purchaser who is ready, willing and able to buy and to complete the purchase, and with whom the seller has entered into a valid contract.

**Memorandum.**—Assumpsit for commissions.   Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.   Heard in this court at the October term, 1894, and affirmed. Opinion filed December 30, 1894.

SCHINTZ & IVES, attorneys for appellant.

GOLDZIER & RODGERS, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit to recover commissions for the sale of real estate.   The appellee was a duly licensed real estate broker doing business in Chicago, and the appellant was the owner

of a piece of property which he authorized the appellee to sell for him for the sum of $58,000 net.

The appellee procured a purchaser for the property for the sum of $59,450, which equaled the selling price of $58,000 and two and one-half per cent as commissions added. The addition of the commissions to the authorized net price was agreed to by the contemplated purchaser, and a written contract for the sale and purchase of the property was duly entered into by the purchaser and the appellant by their own proper hands, and $500 earnest money was paid to the appellee by the purchaser.

The purchaser was a man of large means and abundantly able, pecuniarily, to carry out his contract, and he evidenced his readiness and willingness to do so by executing the contract and paying the earnest money.

Whether the contract was ever carried out for reasons existing between the parties to it, and for which the broker was not responsible, cuts no figure so far as either the merits or the law of this case is concerned. The appellee earned and became entitled to his commissions when he procured a purchaser who was ready, willing and able to buy and to complete the purchase, and with whom the seller entered into a valid contract. Sievers v. Griffin, 14 Ill. App. 63; Pratt v. Hotchkiss, 10 Ill. App. 603; Monroe v. Snow, 131 Ill. 126; Goodridge v. Holladay, 18 Ill. App. 363; Parmly v. Head, 33 Ill. App. 134; Smith v. Keeler, 51 Ill. App. 267. The facts in the case that are disputed, and as to which the evidence may be said to be conflicting, were settled by the verdict. Van Vlissingen v. Cox, 44 Ill. App. 247.

There is much stress laid by defendant upon the alleged defectiveness of certain of appellee's instructions, but upon the whole of the instructions and the evidence in the case we are satisfied that no harm was done to appellant. The right of the case was clearly with the appellee, and we are satisfied that the verdict would have been the same if the criticisms to which the instructions may, perhaps, be subject, had been avoided.

The judgment will therefore be affirmed.