## Chicago Trust and Savings Bank v. W. P. Black.

1. TRIALS BY THE COURT—*When Conclusive.*—The finding of a trial court, without a jury, the witnesses being before it, will be given like consideration as the verdict of a jury, on controverted questions of fact, unless it is clearly against the weight of the evidence.

2. GUARANTOR — *Liability Same as a Surety.* — It is immaterial whether a guarantor is actually injured by an extension of the time of payment of a note for the benefit of the maker; the rule as to a guarantor is the same as a surety in this regard.

3. PROPOSITIONS OF LAW—*Should not Ask the Court to Pass upon Questions of Fact.*—A proposition of law which requires the court to find on a question of fact, is properly refused.

Assumpsit, on a guaranty. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed November 2, 1897.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for appellant.

That one of the joint makers of negotiable paper has the right to buy such paper and to sell it, is sustained by the cases of Kipp v. McChesney, 66 Ill. 460, and Gammon v. Huse, 9 Ill. App. 557.

SETH F. CREWS and C. D. F. SMITH, attorneys for appellee, contended that there was such an extension of the time of payment of the note in suit as will release the accommodation makers and the accommodation indorser and guarantor.

The law is thus expressed in Parsons on Notes and Bills, Vol. 1, 239 : "If the creditor gives time and forbearance to the principal debtor by a promise which binds him in law, and would bar his action against the debtor, the surety is discharged. For in the first place this essentially varies the terms of the obligation, which ceases to be that for the due discharge of which he became surety. And in the next place, the surety holds as a valuable right, the power of instantly saving himself by suit against the debtor, if he is obliged to pay the debt. If, then, time be given to the debtor and the surety pays, he loses this right because he does not pay from legal necessity. The debtor may say, 'I was not obliged to pay my creditor for three months to come, and why should I pay you?' and thus the creditor has deprived the surety of a right on which he may have depended for his indemnity."

See also Colgrove v. Tallman, 67 N. Y. 95; Millerd et al. v. Thorn, 56 N. Y. 402; Bank of Albion v. Burns et al., 46 N. Y. 170; Home National Bank v. Waterman, 30 Ill. App. 548; 134 Ill. 467; Reed v. Cramb, 22 Ill. App. 34; Price v. Dime Savings Bank, 124 Ill. 317.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

About November 16, 1886, one Sceets went to appellant for a loan of money by a discount of his note, first asking for $1,500 and later for $2,000. He first offered to deposit as collateral security for the loan, 1,200 shares of stock of the par value of $12,000 of the Knights of Labor Publishing Co., but appellant declined to make the loan, and required other security. He then told Tolman, the president of appellant, that he thought he could get some friends to go on the note with him, and gave the names to Tolman, who, after looking them up, told Sceets they would be satisfactory. He told Tolman the loan was for his, Sceets', personal use, and that the persons who would sign the note with him were simply security. This is not denied by appellant, except inferentially.

Sceets gave his individual note of $2,000, dated Novem-

ber 16, 1886, to appellant, payable to his own order and by him indorsed, in which it is stated that he deposited as collateral security with appellant a note of $2,000, dated *November 11, 1886,* payable in ninety days, signed by himself, Stauber, Florus, Dixon and Stewart, and empowered the legal holder thereof to sell the collateral note in case of default in payment of the original, and also to confess judgment.

At the same time Sceets gave his individual note of $2,000 to appellant. He also delivered to appellant the note on a guaranty of which appellee is sued in this case, which is the joint and several note of said Sceets, Stauber, Florus, Dixon and Stewart for the sum of $2,000, dated November 16, 1886, payable ninety days after date to the order of appellee, and by him indorsed, in which it is stated that as collateral security thereof there was deposited with said Black 1,200 shares of stock of the Knights of Labor Publishing Co., of the par value of $12,000, and empowered the legal holder of the note to sell said collateral in case of default in payment of the note, and also to confess judgment. On this note is indorsed a guaranty of payment at maturity, executed by said Black.

Appellee makes the defense that appellant, on the request of the maker or makers of said last mentioned note, without the request of appellee or his assent or knowledge, extended the time of payment thereof for two periods of ten days each, and that he was thereby discharged.

Appellant contended in the trial court, and does here, that the extensions which are admitted to have been made, and on good consideration, were allowed, not on the note in suit, but on the individual note of Sceets, which, it is claimed, was the principal note and the one discounted. The trial was before the court, a jury being waived, and the evidence was conflicting on this point. The finding of the trial court for appellee, the witnesses being before it, should and will be given like consideration as the verdict of a jury on controverted questions of fact, and should stand unless it can be said it is clearly and palpably against

the weight of the evidence. Snell v. Cottingham, 72 Ill. 161; Coari v. Olsen, 91 Ill. 273; Kouhn v. Schroth, 44 Ill. App. 513; Hall v. Cox, Id. 382; Armstrong v. Barrett, 46 Ill. App. 193.

We deem it unnecessary to detail the conflicting evidence as to which note was discounted or extended. It justified the finding of the trial court in favor of appellee.

The same reasons apply to the second contention of appellant, that the granting time to Sceets would not release Black unless appellant had notice that Black was an accommodation surety for Sceets. The evidence justified a finding that appellant knew Black was an accommodation surety.

It is claimed, but no authorities are cited to support the contention, that the court erred in not holding propositions of law Nos. 2, 4 and 5, submitted by appellant, which are as follows, viz.:

" 2. The court is requested to hold as a matter of law that the guarantor of a promissory note is liable to the holder thereof, notwithstanding the holder may extend the time of payment of the note, for the benefit of the maker thereof, after its maturity, if the guarantor has not been injured by the extension.

" 4. The court is asked to construe the written papers in evidence according to their legal effect, and to hold that the note signed by George N. Sceets alone was the principal note, and the note signed by Sceets and others, and guaranteed by the defendant, was a collateral note.

" 5. The court is asked to hold that the note signed by George N. Sceets alone constitutes a contract between the Chicago Trust and Savings Bank and George N. Sceets, and that when Sceets stated therein that the note guaranteed by the defendant Black was collateral to his note, such statement bound the defendant."

It is immaterial whether a guarantor is actually injured by extension of time of payment of a note for the benefit of the maker. The rule as to a guarantor is the same as a surety in this regard. The second proposition was properly

refused.   2 Brandt on Suretyship and Guaranty, Secs. 342 and 343; Hurd v. Marple, 10 Brad. 418; Davis v. People, 1 Gilm. 409, and cases cited; Dodgson v. Henderson, 113 Ill. 360.

The fourth proposition was properly refused because it asks the court to find on a question of fact.   The fifth proposition was properly refused because there is no reason shown by the record why appellee should be bound by Sceets' statement in his individual note, which appellee testifies he didn't know existed before the 10th or 11th of March, 1887, several months after the loan in question was consummated.

The judgment is affirmed.