Charles Kaestner and Frank A. Hecht, Partners, Doing Business as Charles Kaestner & Co., v. Edward A. Oldham, Doing Business as the Associated Trade & Industrial Press.

1. BROKERAGE—*For Sale of Information.*—A broker is entitled to commission, as agreed upon, where he furnishes a contractor with information by which such contractor enters into a contract for the erection of buildings.

2. TRIALS—*Without a Jury, When Conclusive on Questions of Fact.*— A trial by the court, without a jury, upon conflicting evidence, is entitled to same credit as the verdict of a jury, and is conclusive upon questions of fact.

Assumpsit, for information furnished. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding.

Kaestner v. Oldham.

Heard in this court at the October term, 1901. Affirmed. Opinion filed June 5, 1902.

RUBENS, DUPUY & FISCHER, attorneys for appellants; WILLIAM C. RIGBY, of counsel.

CRATTY, JARVIS & LATIMER, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Assumpsit. The declaration avers that defendants were builders of breweries; that plaintiff knew about the proposed erection of a certain brewery, and offered to furnish this information to defendants for one per cent on the contract price, if they were engaged to erect the same; that defendants accepted this offer; that plaintiff did furnish them this information, and did introduce them to the parties proposing to erect the brewery; and that afterward such parties did contract with defendants to erect, and the defendants did erect the brewery, for which they received $350,000, etc. The common counts are added. Plea of the general issue.

Cause submitted to court for trial; tried, and finding for plaintiff, damages $1,468.85, and judgment on finding. Appeal perfected by defendants.

The court found that the preponderance of the evidence shows that appellee, through a chain of circumstances, was the procuring cause of appellants receiving the contract for and entering into the building of the brewery; that the contract price of $146,885 was paid them when the work was completed, and that appellants had specially agreed, if they obtained such contract, to pay him one per cent of the contract price for his services. The same force and effect should be given to the findings of a judge, upon questions of fact submitted for trial before him, as to the verdict of a jury. Keating v. Springer, 44 Ill. App. 547, and cases cited.

This is not a case of a "sale by description." Appellants did not buy anything concrete, as was the fact in the authorities they cite in relation to the sale of goods. All that appellee had to sell was information that a brewery was about to be erected. What appellants wanted, and

what they got from appellee, was an introduction to the people interested in this project, so that they might have a chance to draw plans for and to bid upon this work.    Appellee introduced Hecht, one of the appellants, to Carr, then one of the brewery people.    There his labors ended.    Thereafter appellants did not call upon him, nor send for him, nor ask him for any further information, nor demand that he make good or verify any statement contained in his original letter of May 25, 1895, in which he calls their attention to the fact that he had this information for sale.    Under the facts, as shown by the record, and as found by the trial court, this is a case of brokerage, pure and simple.

Soon after Carr and Hecht met, the former introduced the latter to the men who afterward contracted with appellants for the building of this brewery.    Negotiations as to site and discussions as to plan were at once begun, and were continued until the contract was closed.    Appellee, being the efficient and procuring cause of this contract, is entitled to his commissions.    Hafner v. Herron, 165 Ill. 242–246.

That the project, as originally presented, was changed in many particulars before it was embodied in the contract, was immaterial, except in so far as those changes might affect the amount of the recovery in this case.    (Singer v. Hutchinson, 83 Ill. App. 668.)    From the date of the introduction to Carr appellants carried on their negotiations with him and his associates without consulting with or complaint to appellee until after they had obtained the contract to build this brewery.    Even after that they do not deny his claim for some compensation, but seek to belittle it.    In a letter dated May 26, 1896, a year after appellee made these parties known to each other, appellants say: "And the only service rendered us (if such it can be considered) was your introduction to Mr. Carr."    This admits the claim of appellee, which is based upon the proposition that if appellants got a contract to build the brewery through this introduction, they would pay him one per cent of the contract price.    The judgment of the Superior Court will be affirmed.