## The Philip Carey Manufacturing Company, Appellee, v. G. F. W. Weygandt, Appellant.

1. Mechanic's liens—*when performance of contract sufficient.* Substantial performance of a building contract is sufficient to entitle the award of a mechanic's lien.

2. Findings of court—*when not disturbed on review.* Where the chancellor has seen and heard witnesses, his findings of fact will not be disturbed on review unless clearly and palpably erroneous.

Mechanic's lien. Appeal from the Circuit Court of Madison county; the Hon. B. R. Burroughs, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed September 12, 1908.

James O. Miller, for appellant.

Stephen C. Rogers and Koerner & Koerner, for appellee.

Per Curiam. This was a proceeding in the Circuit Court of Madison county, by appellee against appellant, to enforce a mechanic's lien. Cause heard upon bill, answer, replication and evidence produced in open court. Finding and decree in favor of appellee for $180 and an additional sum of $25 as solicitor's fee.

Appellant and appellee entered into a contract in writing as follows:

"St. Louis, Mo., Sept. 20, '06. Mr. G. F. W. Weygandt, Belleville, Ill. Dear Sir:—We hereby agree to furnish and apply our Carey's Standard Flexible Cement Roofing on your building at Madison, Ill., according to measurements given our Mr. Vine, viz.: 80½x71, doing all necessary flushing around fire walls and skylights for the sum of one hundred and eighty dollars ($180.00).

*Guarantee.* We hereby guarantee the same to be free from leaks caused by imperfect material or workmanship for five years from date of application, and will assume all expenses for repairs rendered necessary within the meaning of this guaranty, free of ex-

pense to the owner, and will turn over at the expiration of the life of this guarantee a perfect roof in every respect.''

This contract was signed by the respective parties, and in pursuance thereof appellee furnished and applied the specified roofing on appellant's specified building, completing the same on the 9th day of November, 1906.

Appellee's bill is in the usual form of bills in such cases. Appellant's answer admits the making of the contract, and that appellee furnished and applied roofing to his building, but avers that the material of the roofing was not of the quality specified in the contract, that it was not put on—"applied"—in a workmanlike manner, and that after it was put on it leaked and failed to keep out the water. No claim for deductions or damages by way of recoupment or set-off is made by appellant. His sole contention is that appellee had not completed its contract. His counsel say: ''There must be a completion of the contract in order to give a lien; completion of the work was a condition precedent to be performed by appellee before it was entitled to its pay.''

''As between the owner and principal contractor a substantial performance by the latter is sufficient to entitle him to a lien.'' A building contract may be held to be substantially performed, although there may be some omissions or deviations from the contract, or some defects in the material or workmanship, when these are not due to bad faith, do not impair the structure as a whole, are remediable without doing material damage to other parts of the building in tearing down and reconstructing, and where they may without substantial injustice, be paid for by deductions from the contract price. 20 A. & E. Encyc. of Law, 2nd Ed., pp. 366-7.

This case turns solely upon questions of fact as to the quality of the roofing material used and the manner in which it was put on, or ''applied,'' the ultimate

question of fact being, was there a substantial compliance with the contract on the part of appellee. The evidence was produced in open court, the chancellor saw and heard the witnesses; in such case his findings and conclusions upon questions of fact based upon the statements of such witnesses should be accepted by this court, unless they clearly impress us as being palpably erroneous. Kinnah v. Kinnah, 184 Ill. 284; Brueggestradt v. Ludwig, 184 Ill. 24; Village of Itasca v. Schroeder, 182 Ill. 192; Delaney v. Delaney, 175 Ill. 187; Dunnom v. Thomsen, 58 Ill. App. 390; Patterson v. Scott, 37 Ill. App. 520.

In this case, however, we reach the same conclusions held by the learned chancellor who presided at the trial wholly independent of the above stated rule. A fair and impartial consideration of the evidence as it appears in the "cold type" of the record clearly establishes appellee's case.

The decree of the Circuit Court is affirmed.

*Affirmed.*