[No. 7738.]

Deweese v. Brown.

Broker—*Right to Commissions*—A land broker, who, acting in good faith, produces to his client a customer with whom he enters into a binding agreement for the exchange of his lands for those of the other party, is entitled to the agreed commission, even though the contract is induced by fraudulent misrepresentations of the other party to the exchange, and for this reason is rescinded by the client.

*Error to Prowers County Court.*—Hon. W. E. Fee, Judge.

Mr. GRANBY HILLYER, for plaintiff in error.

Messrs. MERRILL & McCARTHY, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. Defendant below, J. M. Deweese, plaintiff in error, listed certain real estate in Prowers county, Colorado, for exchange, with plaintiff below, Brown, defendant in error. If a trade was effected through Brown's efforts, he was to receive a commission on the exchange valuation of Deweese's land. Brown introduced to defendant, one Ditmars of Kansas, a prospective purchaser, who desired to exchange his land in that state for a part of defendant's land listed with Brown. Ditmars' land was on the Neosha river, and during the negotiations between the parties, Deweese asked him whether his land was what was known as overflow land, and was informed that it was not. As a further precaution, before entering into a written contract of exchange with Ditmars, Deweese went to Kansas and made a personal inspection of the land, at the conclusion of which, he and Ditmars came to an agreement for an exchange of properties which was reduced to writing, signed by the respective parties, and Deweese returned to Colorado. Thereafter someone informed him that the property for which he had traded was overflow land, and of little value because of the liability of the destruction of crops thereon by floods. Whereupon he made a second trip to Kansas for another inspection of the land, from which he became satisfied that it was subject to overflow, and that he had been defrauded in the trade. He notified Ditmars that he rescinded the contract, and would not carry out the agreement for the reason that the character of the property had been misrepresented to him. On its face the written agreement was valid and bind-

ing upon both parties, although as between them, it may have been voidable on account of the alleged misrepresentations. It is not claimed that Brown was guilty of bad faith or any neglect of duty, or that he made any false representations or possessed any knowledge of the character of the Kansas land, other than that known to his principal.

2. Under this state of facts, plaintiff in error contends that he had a right to rescind the contract, because he was induced to enter into it through the fraud and misrepresentations of Ditmars, and he argues that that is a proper defense to this action. We cannot agree with this contention. When a broker, acting in good faith, procures for his principal a customer with whom a valid agreement is entered into for an exchange of property, he has earned his commission. By entering into a binding contract for an exchange of farms, Deweese accepted Ditmars as a purchaser, willing and able to buy, and complete the exchange.—*Roche v. Smith,* 176 Mass. 595, 58 N. E. 152, 51 L. R. A. 510, 79 Am. St. Rep. 345; *Lang v. Hand,* 57 Ill. App. 134; *Lockwood v. Halsey,* 41 Kan. 166, 21 Pac. 98.

The judgment of the lower court will be affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.