No. 10,288.

DUNIFER *v.* PASCOE.

Decided April 2, 1923.

Action involving payment of real estate broker's commission.  Judgment for the broker.

*Affirmed.*

1.  BROKERS—*Real Estate—Commission.*  A real estate broker pro-

cured a buyer who signed a contract of purchase on terms satisfactory to the owner and made a payment of $200, $199 of which the broker retained as his commission. The sale was never completed, but, so far as the evidence disclosed, through no fault of the agent. In an action by the owner against the broker to recover the money retained by him, judgment was for the defendant, which is affirmed.

2. APPEAL AND ERROR—*Burden.* A plaintiff in error has the burden of showing error in the proceedings below, and failing in this, the judgment against him will be affirmed.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. F. B. TIFFANY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action instituted in a justice court. There are no pleadings. The case comes here from the county court of the City and County of Denver where, on appeal from the justice court and upon a trial to the court without a jury, there was a judgment for defendant. Plaintiff below has sued out this writ of error.

From the evidence, as the same is set forth in the abstract, it appears that plaintiff seeks to recover from defendant the sum of $200. This amount the defendant had received from a prospective purchaser of plaintiff's property, consisting of a house and some furniture. Defendant is a real estate agent. Plaintiff listed his property with defendant for sale. Defendant claims that he received a deposit of $200 from a prospective purchaser, that $1 thereof was paid to plaintiff, and that he, defendant, retained $199 as his commission. The sale price of the property was $3,350. The theory of the plaintiff appears to be that defendant never earned a commission. The assignments of error all go to the proposition that the judgment, which was for defendant, is against the law and the evidence.

The defendant entered into a written contract with the

prospective purchaser. The contract was signed by such purchaser on the one part, and by the defendant, in his own name as agent, on the other. Plaintiff claims that this contract is void, under *Castner v. Richardson,* 18 Colo. 496, 33 Pac. 163, because the agent had no written authority to execute a contract to sell real estate, and there was no ratification in writing. This point is not necessarily material, since this is not an action to enforce the contract.

The defendant did more than make a contract which plaintiff now says is void for reasons above indicated. He brought plaintiff and the prospective purchaser together. Plaintiff learned of the contract, and there is evidence that he then said to defendant:

"I accept the contract, and I congratulate you on your quick sale and your good judgment."

The terms of the contract were satisfactory to plaintiff. He could have ratified the contract in writing, or otherwise made it binding on himself. At any rate the prospective purchaser was willing to sign, and did sign, a contract containing terms satisfactory to plaintiff, the defendant's principal. The contract contained agreements on the part of plaintiff as well as agreements by the purchaser. The sale was never completed, but that fact alone does not defeat the defendant agent's right to compensation. It may have been the plaintiff's fault, or, both plaintiff and the purchaser may have abandoned further negotiations.

The bill of exceptions shows that the trial court was influenced, in part, by the following paragraph in *Finnerty v. Fritz,* 5 Colo. 174:

"But where an agent has produced a purchaser who is acceptable to the owner, and able and willing to purchase on terms satisfactory to the owner, he has performed his duty, and if from any failure of the owner to enter into a binding contract or to enforce a contract against the purchaser, the sale is not completed, the agent may recover his commissions."

This principle was approved in *Perkins v. Russell,* 56 Colo. 120, 137 Pac. 907. There is some evidence here to

bring the case within that rule.  There is no evidence that plaintiff's failure to complete a sale with the prospective purchaser found by defendant was due to any fault of defendant.

The plaintiff having brought the case here, has the burden of showing error.  *Denver Dry Goods Co. v. Jester,* 60 Colo. 290, 152 Pac. 903, L. R. A. 1917A, 957.  In our opinion, he has failed in that regard, and not shown that under no tenable theory could the judgment be proper. The judgment is therefore affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.