No. 10,756.

THURO, ET AL. v. MEREDITH, ET AL.

Decided June 2, 1924.

Action by real estate brokers for commssion. Judgment for plaintiffs.

*Affirmed.*

1. BROKERS—*Real Estate—Contract.* In an action by a real estate broker for commission his principal could not defeat his right thereto by refusal to be bound by or to sign a contract of sale with a purchaser produced by the broker.

2. VARIANCE—*Pleading and Proof.* In an action for a broker's commission where plaintiff alleged a contract between defendants and the purchaser, and it appeared from the evidence that one defendant had signed the contract and attached the name of her codefendant without authority, it is held there was no prejudicial variance.

3. APPEAL AND ERROR—*Harmless Error.* Defects in proceedings which do not affect the substantial rights of the parties should be disregarded.

4. INSTRUCTIONS—*Requests—Immaterial Issues.* Requested instructions on issues which are immaterial, are properly refused.

5. APPEAL AND ERROR—*Motion to Strike—Harmless Error.* Overruling a motion to strike allegations from a replication, if error, held harmless, where the allegations presented no material issue.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. JOHN R. WOLFF, for plaintiff in error.

Messrs. GOSS, KIMBROUGH & HUTCHINSON, Mr. W. B. RUTLEDGE, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a firm of real estate brokers to recover from their principals a commission for the sale of real estate. The court directed a verdict for plaintiffs, and defendants bring the cause here for review.

The plaintiffs below were employed by defendants, George W. Thuro and Della B. Thuro, to procure a purchaser for certain real estate and personal property. In the course of such employment, plaintiffs brought together Della B. Thuro, one of the principals, and one Mrs. Charles Tallman. The two last named persons signed a contract for the purchase and sale of the property in question. It purported to be a contract between both defendants, as parties of the first part, and Charles Tallman and Mrs. Charles Tallman, as parties of the second part. On behalf of defendant George W. Thuro, it was signed by defendant Della B. Thuro who wrote on the line reserved for vendor's signature, "Geo. W. Thuro, by Mrs. Thuro." On behalf of the purchasers, it was signed: "Mrs. Charles Tallman, Charles Tallman, by Mrs. Tallman."

Mr. and Mrs. Charles Tallman some time afterwards entered into possession of the property. They made some payments on the purchase price of the property. They later abandoned the contract, and the defendants repossessed themselves of the property. The briefs filed in this case, and the record, do not present the question whether plaintiffs are entitled to recover for their services, but we are required only to answer the contentions advanced by plaintiffs in error, concerning matters which, they claim, defeat the rights of plaintiffs as to compensation.

At the time the contract, above mentioned, was signed by Della B. Thuro and Mrs. Charles Tallman, the defendant George W. Thuro was absent from the state. Della B. Thuro had no written authority from George W. Thuro to sign his name to the contract, selling their real estate. The plaintiffs in error argue that he could not ratify the contract otherwise than by a ratification in writing. Also that if he could ratify by part performance, he ratified it in this case on the condition that plaintiffs would procure certain notes signed by Charles Tallman. It is also argued that there was no ratification by George W. Thuro when he signed a written forfeiture of the contract, because the contract had been previously abandoned by the vendees.

All these questions are immaterial. George W. Thuro was one of the employers, or principals, of the plaintiff brokers. If the plaintiffs had the duty to procure a binding contract, it would be a contract binding the purchaser or purchasers found for Thuro's property. 9 C. J. 608. The principal is in no position to take advantage of the fact that he himself refused to be bound by, or to sign, a contract with the purchaser produced by the broker or agent. *Dunifer v. Pascoe,* 73 Colo. 178, 214 Pac. 392.

The plaintiffs in error contend that the contract signed by Della B. Thuro and Mrs. Charles Tallman was not binding upon Charles Tallman, as purchaser, for the reason, among other reasons, that Mrs. Charles Tallman had no written authority to sign his name to such contract, and that he had not ratified the contract by any writing. This contention, and the questions involved therein, are immaterial in this case. The liability of Mrs. Tallman under the contract of purchase is not questioned. Plaintiffs, therefore, procured Mrs. Tallman, at least, as a purchaser, and thereby fulfilled their duty, so far as concerns producing a purchaser.

It is contended that there is a fatal variance between plaintiffs' pleading and their proof because they pleaded a contract wherein both Mr. and Mrs. Tallman bind themselves as purchasers, and the contract proved was one wherein Mrs. Tallman alone was bound as purchaser. The case of *People's M. & M. Co. v. Central, etc., Corp.,* 20 Colo. App. 561, 80 Pac. 479, is cited. That was a suit for specific performance of the contract concerning which the variance existed. The instant case is not a suit upon the contract signed by Mrs. Tallman, but is simply an action to recover a commission for having procured for defendants a purchaser or purchasers of their property. The Tallman contract was, or could have been, pleaded simply for the purpose of showing that plaintiffs procured a purchaser.

If plaintiffs pleaded having procured Mr. and Mrs. Tallman as purchasers, there was no such variance between the pleading and proof as to warrant disturbing the judg-

ment on that account. As before noted, Mrs. Tallman was a purchaser. The evidence shows that Mr. Tallman regarded himself also as a purchaser and as being bound by the contract to which Mrs. Tallman added his signature or name. He joined with her in taking possession of the property, and in making payments therefor. If as plaintiffs in error claim, he was not bound by the contract, and that feature caused some variance between the pleading and proof, it was a variance which could not have surprised the defendants, because they anticipated it in their answer when they pleaded that Mrs. Tallman had not authority to sign Mr. Tallman's name to the contract. Aside from this, the variance was not such a defect in the proceedings as affected the substantial rights of the parties, and under section 84 Code of 1921 should have been, as it was disregarded.

The defendants below requested four separate instructions to the jury. These instructions submitted issues above mentioned, which for reasons above stated, are immaterial. There was no error in the refusal to give the instructions.

It is contended that it was error not to strike from plaintiffs' replication the allegations therein regarding ratification by Charles Tallman of the contract of purchase. Since plaintiffs' right to recover was not dependent on Tallman's ratification, for reasons hereinbefore indicated, the error, if error it was, was harmless.

Error is assigned to the court's refusal to strike another portion of the plaintiffs' amended replication, on the ground that it denied matter previously admitted. The matter in question had reference to the Tallman-Thuro contract. We find no substantial difference between the original and the amended replication.

There is no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE BURKE, concur.