No. 14,767.

DICKEY *v.* WAGGONER.
(114 P. [2d] 1097)

Decided June 16, 1941.

Mr. J. EMERY CHILTON, for plaintiff in error.

Mr. WILLIAM R. KELLY, Mr. M. E. H. SMITH, for defendant in error.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The parties to this litigation are here in reverse order of their appearance in the district court, and for convenience will be herein designated as *plaintiff* and *defendant*. Plaintiff sued for a real estate broker's commission and recovered judgment for $750 in the district court. Defendant seeks a reversal on the sole ground that the evidence is insufficient to support the verdict of the jury and the judgment based thereon.

The evidence, as is usual in such cases, is conflicting. We have examined the record with care, and we have not confined our examination to the abstract and supplemental abstract but have read the transcript of the entire evidence. The record contains testimony from which the jury was warranted in finding that defendant employed plaintiff as a real estate broker to sell her farm for $22,000 and that he was to receive thereafter a commission, the amount thereof not then specifically agreed upon; that pursuant to such employment he procured one Anderson as a prospective purchaser, who, as the testimony clearly indicates, was ready, willing, and amply able to buy the place at the price he offered, namely, $20,000. The amount of this offer was not equal to the listed price, $22,000, but we think the evidence, concerning the usual vicissitudes to which such deals are subject in their progress from inception towards final consummation, was sufficient to entitle the jury to find that defendant accepted the offer of $20,000 made by the purchaser procured by the broker, and that she agreed to pay the latter a commission of $750. It appears from the evidence introduced by defendant herself that she conferred with plaintiff and her attorney concerning the matter. After this conference the attorney, who testified as a defense witness, was of the opinion that defendant had consummated the deal on

the basis of the offer of $20,000, and that such was his understanding is apparent from the purport of his testimony. In the presence of defendant he inquired the name of the purchaser and testified that he understood he was to prepare the conveyance, and also in the presence of defendant called the purchaser's attorney to advise him that the abstracts would be procured and sent to him for examination. This supports the direct testimony of plaintiff and his salesman that defendant did accept the offer upon the terms submitted. The jury doubtless entertained the view that the fact that another purchaser appeared after this $20,000 offer was accepted who offered to, and did, pay $21,500 for the property was the real reason that defendant attempted to repudiate her agreement to sell for the $20,000.

█ None of the instructions to the jury was objected to by defendant. In these instructions, among other things, the jury was told in effect that if it believed from the evidence that defendant employed the plaintiff as a real estate broker to sell her farm and that plaintiff procured as a purchaser one Anderson who was ready, willing, and able to buy on terms that were accepted by the defendant, that the plaintiff had performed on his part what he was employed to do, and that, even though the owner might decline to complete the sale to Anderson for any reason satisfactory to her, this would not relieve her from liability to pay her broker for services rendered pursuant to the contract. In so instructing, the court correctly stated the applicable law as adopted and announced in former decisions of this court.

In *Finnerty v. Fritz,* 5 Colo. 174, we said: "But where an agent has produced a purchaser who is acceptable to the owner, and able and willing to purchase on terms satisfactory to the owner, he has performed his duty, and if from any failure of the owner to enter into a binding contract or to enforce a contract against the purchaser, the sale is not completed, the agent may re-

cover his commissions. Parsons on Contracts, 90; *Moses v. Bierling et al.,* 31 N.Y. 462; *Phelan v. Gardner,* 43 Cal. 310."

In *Buckingham v. Harris,* 10 Colo. 455 (15 Pac. 817), we used the following language: "The owner does not wish to part with the control of his property; simply to obtain the aid of a broker to sell it. He employs a broker to procure a purchaser, retaining in himself the power to make binding contracts and conveyances. The terms of sale are sufficient for the broker. So, in the general employment of a broker, when he procures a purchaser able and willing to buy at the terms stated by the owner, he has performed his part; he has done all he can do, and all he was employed to do. The owner may decline to convey or complete the sale. He may so decline for the reason that he may get more by holding and raising his price, or for any other reason; but this does not and should not relieve him from his liability to pay his broker for his services in procuring a person able, ready and willing to purchase at the terms given, the same as if he had completed the sale. Such is the character of the general employment of a broker in the sale of real estate, and it seems reasonable and just, and is supported by the weight of authority upon the subject, as may be seen by the cases first above cited, as well as the following: [Citing a large number of cases]."

Later cases to the same effect are *Spaulding v. Saltiel,* 18 Colo. 86, 31 Pac. 486; *Millett v. Barth,* 18 Colo. 112, 31 Pac. 769; *Colburn v. Seymour,* 32 Colo. 430, 76 Pac. 1058; *Deweese v. Brown,* 55 Colo. 430, 135 Pac. 800; *Perkins v. Russell,* 56 Colo. 120, 137 Pac. 907; and *Dunifer v. Pascoe,* 73 Colo. 178, 214 Pac. 392.

Judgment affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE KNOUS, and MR. JUSTICE BURKE concur.